UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF CALIFORNIA *ex rel.* KENNETH BRYAN,<br><br>Plaintiffs,<br><br>v.<br><br>NASSIR MEDICAL CORPORATION d/b/a CANCER CARE INSTITUTE, A CORPORATION; and YOURAM NASSIR, M.D.,<br><br>Defendants. | No. LA CV16-02289-JAK (ASx)<br><br>**CONSENT JUDGMENT**<br><br>**JS-6: Case Terminated** |

*Qui tam* plaintiff Kenneth Bryan ("Relator"); plaintiff the United States of America, acting through the United States Department of Justice and on behalf of the Office of Inspector General ("OIG-HHS") of the Department of Health and Human Services ("HHS") (collectively, the "United States"); plaintiff the State of California ("California"); and defendants Youram Nassir, M.D. and Nassir Medical Corporation d/b/a Cancer Care Institute (collectively, "Defendants"), through their respective counsel, have stipulated to the entry of Consent Judgment against defendants. Good cause appearing, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1. Pursuant to a Settlement Agreement entered into by the United States, California, Relator, and Defendants (the "Parties") on November 15, 2019 (the "Effective Date"), Defendants shall pay to the United States and California a total of $3,356,565.00 plus applicable interest as described below (the "Settlement Amount"), of which $1,122,847.11 is restitution. Defendants shall pay the following amounts to the United States and California under the following terms and conditions:

    a. No later than seven days after the Effective Date of the Settlement Agreement, Defendants shall pay the United States $960,936.83;

    b. No later than seven days after the Effective Date of the Settlement Agreement, Defendants shall pay California $395,628.17;

    c. No later than six months after the Effective Date of the Settlement Agreement, Defendants shall pay the United States $708,360.34 plus accrued interest at a rate of 2.125% from the Effective Date of the Settlement Agreement;

    d. No later than six months after the Effective Date of the Settlement Agreement, Defendants shall pay California $291,639.66 plus accrued interest at a rate of 2.125% from the Effective Date of the Settlement Agreement;

  e. No later than eighteen months after the Effective Date of the Settlement Agreement, Defendants shall pay the United States $708,360.34 plus accrued interest at a rate of 2.125% from the Effective Date of the Settlement Agreement;

  f. No later than eighteen months after the Effective Date of this Agreement, Defendants shall pay California $291,639.66 plus accrued interest at a rate of 2.125% from the Effective Date of the Settlement Agreement;

  g. The above defined payments to the United States (the "Federal Settlement Amount") shall be made by electronic funds transfer pursuant to written instructions provided by the Office of the United States Attorney for the Central District of California;

  h. The above defined payments to California (the "California Settlement Amount") shall be made by electronic funds transfer pursuant to written instructions provided by the California Attorney General's Office; and

  i. The above defined payments may be prepaid, in whole or in part, without penalty.

2. As long as Defendants make the payments ordered in paragraph 2, neither the United States nor California shall execute on the Consent Judgment. But if Defendants fail to make any payment as ordered in paragraph 2, then (a) the full Settlement Amount shall be immediately due and payable, (b) the United States shall have the right to immediately execute on the Consent Judgment for the full remaining unpaid balance of the Federal Settlement Amount, (c) California shall have the right to immediately execute on the Consent Judgment for the full remaining unpaid balance of the California Settlement Amount, and (d) Defendants shall be liable to the United States and California for all costs and expenses, including but not limited to

| | |
|---|---|
| 1 | attorney's fees, incurred by the United States and California in connection |
| 2 | with enforcing this Consent Judgment. |

3. In the event that Defendants fail to pay any amount as provided in Paragraph 1 within 10 business days of the date on which such payment is due, Defendants shall be in default of their payment obligations (Default). In the event of such Default, OIG-HHS may exclude Defendants from participating in all federal health care programs until Defendants pay the Settlement Amount and reasonable costs and expenses as set forth above. OIG-HHS will provide written notice of any such exclusion to Defendants. Defendants waive any further notice of the exclusion under 42 U.S.C. § 1320a-7(b)(7), and agree not to contest such exclusion either administratively or in any state or federal court. Reinstatement to program participation is not automatic. If at the end of the period of exclusion Defendants wish to apply for reinstatement, Defendants must submit a written request for reinstatement to OIG-HHS in accordance with the provisions of 42 C.F.R. §§ 1001.3001-3005. Defendants will not be reinstated unless and until OIG-HHS approves such request for reinstatement.

4. This Court retains jurisdiction to resolve any disputes regarding (a) Relator's statutory share from the United States, pursuant to 31 U.S.C. § 3730(d); (b) Relator's statutory share from California, pursuant to Cal. Gov't Code § 12652(g); and (c) Relator's reasonable expenses, attorney's fees, and costs from Defendants, pursuant to 31 U.S.C. § 3730(d) and Cal Gov't Code § 12652(g)(8).

**IT IS SO ORDERED**.

Dated: December 20, 2019

_____
JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE

3